FILED

March 10 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0348

DA 13-0348

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 79N

CITY OF MISSOULA,

             Plaintiff and Appellee,

      v.

MICHAEL CLAUDE URZICEANU,

             Defendant and Appellant.

APPEAL FROM:      District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DC 12-445
                  Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

            For Appellant:

                  Wade Zolynski, Chief Appellate Defender, Lisa S. Korchinski, Assistant
                  Appellate Defender, Helena, Montana

            For Appellee:

                  Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant
                  Attorney General, Helena, Montana

                  Andrew F. Scott, Missoula Deputy City Attorney, Missoula, Montana

                                    Submitted on Briefs:  February 18, 2015
                                              Decided:  March 10, 2015

Filed:

_____
                  Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Michael Urziceanu appeals from the District Court's opinion and order affirming his Missoula Municipal Court conviction for criminal possession of dangerous drugs. We affirm.

¶3      In September 2012 a Missoula Municipal Court jury convicted Urziceanu of misdemeanor possession of dangerous drugs (less than 60 grams of marijuana). The Municipal Court deferred imposition of sentence for six months. Urziceanu appealed his conviction to the District Court, and on March 26, 2013, the District Court affirmed the conviction.

¶4      On appeal Urziceanu argues that the Municipal Court and the District Court erred by concluding that he had failed to present facts to allow the jury to consider a defense of "medical necessity via compulsion" under § 45-2-212, MCA. He also takes exception to the District Court's denial of his request to take judicial notice of the marijuana laws and court decisions in California and Nevada in support of his contention that he was entitled to use marijuana in Montana as a matter of medical necessity. Urziceanu further contends that the courts below erred by denying his argument that Montana's laws on

marijuana are ambiguous and reasonably caused him to believe that he had an affirmative defense to the charge because of his medical condition.

¶5 Urziceanu claims that he is a resident of California and that the laws of that state allow him to self-medicate with marijuana as treatment for his pain arising from a series of prior injuries and conditions. Urziceanu relies upon the Full Faith and Credit guarantees of the United States Constitution (Article IV, Section 1), his personal medical records, and his record of having litigated his right to use marijuana in California. He contends that he is entitled to use marijuana in Montana as a matter of medical necessity, without complying with the registration and other requirements of Montana law.

¶6 Under Montana law it is unlawful to possess a dangerous drug, § 45-9-102, MCA, except for a person who complies with the Montana Marijuana Act, §§ 50-46-301 through -343, MCA. The Act provides that a Montana resident who suffers from a debilitating medical condition as defined in § 50-46-302(2), MCA; who obtains a certification from a treating physician as provided in § 50-46-310, MCA; and who obtains a registration card as provided in § 50-46-303, MCA, may possess limited quantities of marijuana as described in § 50-46-319, MCA. Persons who comply with the Act enjoy protections from arrest or prosecution for possession of marijuana as allowed by the Act. Section 50-46-319(2), MCA.

¶7 Urziceanu asserts that he is a resident of California and further asserts that his California residency precludes him from obtaining a registration card to use marijuana as provided in the Act. The requirements and prohibitions of Montana law, discussed above, are clear and unambiguous. We therefore reject Urziceanu's contention that the

3

Montana statutes are ambiguous and that they must therefore be construed in a way that would allow him to use marijuana in Montana without complying with the Act. We affirm the District Court's conclusion that the prohibitions of § 45-9-102, MCA, and the requirements of the Act are clear and not ambiguous.

¶8 The District Court further properly rejected Urziceanu's contention that he was entitled to a medical necessity defense to the charge of drug possession. While such a defense was once provided for by Montana statute, *State v. Johnson*, 2012 MT 101, ¶ 22, 365 Mont. 56, 277 P.3d 1232, the Legislature removed that defense from the statute prior to Urziceanu's offense. The District Court therefore properly concluded that there was no basis in Montana law for Urziceanu to argue a medical necessity defense to the charge of possessing marijuana. Urziceanu failed to produce evidence that he possessed marijuana due to an imminent infliction of death or serious bodily harm, and the District Court properly concluded that Urziceanu was not entitled to argue compulsion as a defense under § 45-2-212, MCA.

¶9 Urziceanu contends that the Full Faith and Credit Clause of the United States Constitution entitles him to enjoy the benefits of California law concerning marijuana use while he is in Montana. The District Court properly concluded that no such requirement exists. Full Faith and Credit does not compel a state "to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. of California v. Hyatt*, 538 U.S. 488, 494, 123 S. Ct. 1683, 1687 (2003).

¶10    Last, we affirm the District Court's conclusion that the Privileges and Immunities Clause in Article IV, Section 2 of the United States Constitution does not prohibit Montana from distinguishing between residents and nonresidents regarding the use of medical marijuana. The Supreme Court has recognized the right of states to distinguish between residents and nonresidents. *Baldwin v. Montana Fish & Game Comm.*, 436 U.S. 371, 383-84, 98 S. Ct. 1852, 1860 (1978). There is no fundamental right to possess and use marijuana. *Mont. Cannabis Indust. Assoc. v. State*, 2012 MT 201, ¶ 32, 366 Mont. 224, 286 P.3d 1161.

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled law, which the District Court correctly applied.

¶12    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER

5